PER CURIAM. The finding that the defendant was negligent is without evidence to sustain it. Whatever negligence there was was that of the other elevator employé, who was a fellow employé, and was neither a superintendent nor charged with any duty of superintendence for the defendant. For such negligence, therefore, the defendant is not responsible. The evidence of the incompetency of this fellow employé had no relation to the accident, as it only related to failure to stop at the proper floor or in the management of the elevator.

The finding that the defendant was negligent is therefore reversed, the judgment and order are reversed, with costs, and the complaint dismissed, with costs.

---

FULTON v. INGALLS et al.

(Supreme Court, Appellate Division, Second Department.   July 30, 1915.)

MALICIOUS PROSECUTION ⊚⟲42—DEFENSES—GOVERNMENTAL AGENCIES—VOL-
UNTARY ASSOCIATIONS.

    A voluntary association for accomplishing lawful public service by prevention of cruelty to children, organized under general laws and having no special powers, but under no visitorial control by the state and electing its own officers and employés, is not such a governmental agency as to avoid liability for malicious prosecution, where it begins action without probable cause which terminates unsuccessfully.

    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 83–86; Dec. Dig. ⊚⟲42.]

Appeal from Special Term, Richmond County.

Action by Edward L. Fulton against Charles H. Ingalls and the Richmond County Society for the Prevention of Cruelty to Children. Demurrer to the second defense in the answer was sustained, and defendant appeals. Affirmed.

See, also, 165 App. Div. 323, 151 N. Y. Supp. 130; 155 N. Y. Supp. 1108.

The opinion of Manning, J., at Special Term, was as follows:

The plaintiff has sued the society and Ingalls, its president, for damages arising out of an alleged malicious prosecution instituted against him by both, which prosecution was unsuccessfully conducted and ended in failure. Plaintiff claims in his complaint that the defendants jointly proceeded without reasonable or probable cause, and that the charges made against him were malicious and false. The defendants moved for judgment on the pleadings, thus bringing up the sufficiency of the complaint, and their motion was denied at Special Term. An appeal was taken to the Appellate Division (165 App. Div. 323, 151 N. Y. Supp. 130), and subsequently to the Court of Appeals (108 N. E. 1094) which resulted in the affirmance of the order of the Special Term in both courts.

The defendant society, in its answer and by way of a second separate defense, claims to be "a governmental institution and prosecuting agency of the state for the purpose of enforcing the laws enacted to prevent cruelty to children," and for that reason contends it is not answerable to the plaintiff for the injury alleged to have been suffered by him. The plaintiff demurs to the sufficiency of this defense, and the question is thus squarely presented whether the defendant society is immune from responsibility for the acts complained of. The defendant claims such immunity upon the said theory

  ⊚⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that it is a governmental agency, and hence is not responsible for the acts done by its officers or agents in the attempted performance of their duties. The society was incorporated on the 22d day of December, 1880, not in pursuance of any special act of the Legislature, but under the general laws for societies of similar functions, which act was passed on April 21, 1875, being chapter 130 of the Laws of 1875. The incorporators voluntarily associated themselves under the name of the "Richmond County Society for the Prevention of Cruelty to Children," and, as stated in the certificate of incorporation, their business and objects are "the prevention of cruelty to children and the enforcement of the laws relating to or in any wise affecting children."

It would thus seem that at most the society is a purely voluntary, and no doubt a most worthy, association, and an organization composed of reputable and philanthropic citizens, who take upon themselves the burden of bettering the conditions surrounding infantile life in the territory prescribed by their certificate of incorporation, and whose efforts are also to be used and employed in the enforcement of laws relating to or in anywise affecting children. They are given no more authority collectively than can be exercised by any individual, save that they are recognized by the courts as an association of individuals banded together for a lawful and praiseworthy public service. Their corporate affairs are controlled entirely by themselves; they elect and remove their own officers and employés; their policies are not in any manner subject to the visitorial control or the power of the state; and in the prosecution of their chosen work they have the same liberty of action that any other corporation or citizen has, subject only to the limitations of common sense and reason—that they shall obey the laws of the land. If they enjoy these privileges, then they must, like all others, bear the responsibilities, and when they transgress the law they should be held accountable.

It is true that the society, or its president, or both, had an absolute right to prefer the charges alleged to have been made against the plaintiff; but in so doing both were under the obligation of proceeding, not recklessly or maliciously, but with reasonable and prudent care, and when they sought to enforce the tenets and principles of their society their acts and proceedings should have the stamp of legality upon them at all times. As I view the situation, the defendant society is not a governmental agency in the sense claimed by it, and therefore it is not entitled to the benefit of the special privilege claimed in the second separate defense set forth in the amended answer. The society in my opinion is not above nor without the pale of the law, and if it acts wantonly, maliciously, and without reasonable and probable cause in making defamatory charges against an innocent person, it should be held to the same degree of legal responsibility as any other person or persons so doing.

The demurrer is sustained.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

John D. Lindsay, Jos. H. Choate, Morgan J. O'Brien, and Elbridge T. Gerry, all of New York City, for appellant.

George M. Pinney, of New York City, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Manning at Special Term.